WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Carino Salazar,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-00065-TUC-LCK<br><br>**ORDER** |

    Plaintiff Christine Carino Salazar (Carino) filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). (Doc. 1.) Before the Court are Carino's Opening Brief, Defendant's Responsive Brief, and Carino's Reply. (Docs. 20-22.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 14.) Based on the pleadings and the Administrative Record, the Court remands this matter for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

    Carino filed an application for Supplemental Security Income (SSI) in January 2016 alleging disability from December 21, 2015. (Administrative Record (AR) 147.) She was born in September 1987, making her 27 years of age at the onset date of her alleged disability. (*Id.*) She had past relevant work as a medical assistant. (AR 159, 181.) Carino's application was denied upon initial review (AR 75-81) and on reconsideration (AR 82-92).

    Hearings were held on June 12 and December 12, 2018 (AR 40-74), after which the ALJ found that Carino was not disabled (AR 24-34). The ALJ determined Carino had

severe impairments of status post chemotherapy and radiation treatment, and peripheral neuropathy. (AR 26.) The ALJ concluded Carino had the Residual Functional Capacity (RFC) to perform light work subject to the following limitations: sitting 8 hours (4 hours at a time); standing or walking 4 hours each (2 hours at a time); never climb ladders/ropes/scaffolds; no exposure to unprotected heights; occasional exposure to cold, heat, vibrations, dust/fumes/odors/ irritants, and moving machinery; moderate exposure to office noise; frequently climb ramps/stairs, balance, stoop, kneel, crouch, crawl, reach, handle, finger, feel, push/pull, and operate bilateral foot controls and a motor vehicle; and frequent exposure to humidity and wetness. The ALJ concluded at Step Five, based on the testimony of a vocational expert (VE), that Carino could perform work that exists in significant numbers in the national economy. (AR 33-34.) The Appeals Council denied review of the ALJ's decision. (AR 7.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI claims. 20 C.F.R. § 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; and (2) has a severe physical or mental impairment; and (3) the impairment meets or equals the requirements of a listed impairment; or (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. § 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. § 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42

U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Carino alleges the ALJ committed three errors: (1) the ALJ improperly considered Carino's character in discrediting her symptom testimony; (2) the ALJ failed to provide clear and convincing reasons for rejecting her symptom testimony; and (3) the ALJ erred in determining that her mental impairments were not severe at Step Two.

**Symptom Testimony**

In general, "questions of credibility and resolution of conflicts in the testimony are functions solely" for the ALJ. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). However, "[w]hile an ALJ may certainly find testimony not credible and disregard it . . . [the court] cannot affirm such a determination unless it is supported by specific findings and reasoning." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006); *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1995) (requiring specificity to ensure a reviewing court the ALJ did not arbitrarily reject a claimant's subjective testimony); SSR 96-7p. "To determine whether a

claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

Initially, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell*, 947 F.2d at 344). The ALJ found Carino had satisfied part one of the test by proving an impairment that could produce the symptoms alleged. (AR 29.) Next, if "there is no affirmative evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281, 1283-84 (9th Cir. 1996)). Here, the ALJ did not make a finding of malingering. Therefore, to support his discounting of Carino's assertions regarding the severity of her symptoms, the ALJ had to provide clear and convincing, specific reasons. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014); *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2008) (quoting *Lingenfelter*, 504 F.3d at 1036).

In an undated function report (scanned 5/5/16), Carino reported that chemotherapy was causing nausea, vomiting, weakness, and bone pain. (AR 189.) She attempted to provide for her children and husband, but her extended family helped with food, driving, and household chores. (AR 190-91.) She did some chores but required help, and she infrequently went grocery shopping. (AR 192.) She watched television, played with her daughter, and occasionally attended field trips. (AR 193.) She was limited in lifting, walking, completing tasks, and concentration. (AR 194.) She reported an inability to handle stress and experiencing frustration and anger. (AR 195.)

In an undated daily activities questionnaire, Carino reported an inability to bend down, she needed help to dress, shower, and dry off, limited appetite due to nausea, and significant breast pain. (AR 206, 208.) She used a shower chair and toilet seat. (AR 208.) She tried to cook and clean but always needed help from her daughters and sister. (*Id.*) She

noted exhaustion, walking slowly, and needing assistance to get in a car. (*Id.*) Carino stated that she did not walk stairs or do yard work. (AR 207.) She was only able to lift light items. (*Id.*) She would go to the grocery store with family and ride in a motorized cart while they shopped. (*Id.*) Carino stated that she did some cleaning but at times had to stop due to pain in her chest and arms. (AR 207, 208.) She slept up to 16 hours and would nap after chores or showering. (AR 208.)

At the June 2018 hearing, Carino reported numbness and tingling in her right arm, fingertips, and toes, as well as foot swelling. (AR 66.) She noted difficulty with mental processing, weight gain, varicose veins, dry mouth, and double vision, but she did as much housework as she was able. (AR 70-71.) She stated that her primary limitation for working was her hands and foot swelling. (AR 71.) At the December 2018 hearing, Carino informed the ALJ that she was on a low dose of pain medication for pain in her right breast, and medication for anxiety and depression. (AR 45.) She reported foot swelling, numbness in her fingers, anxiety, and depression. (AR 46-48.) Due to her finger numbness, she would drop things, and it was hard for her to dress herself. (AR 48-49.) She stated that she cried a lot and was very emotional but had attended counseling only a few times. (AR 50-51.) She could walk about two blocks before her feet would begin swelling. (AR 54.)

The ALJ stated that Carino's statements about the effect of her symptoms "were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 29.) The ALJ then summarized some of Carino's oncology records. (AR 29-32.) He focused particularly on records documenting repeated discord between Carino and her doctors, which caused her to change providers several times. (AR 30-31.) Without further discussion, the ALJ then found that the RFC was supported by the medical evidence, objective findings, opinion evidence, and Carino's subjective allegations. (AR 32.) In conclusion, the ALJ stated that the RFC "addresses the claimant's symptoms to the degree supported by the evidence as a whole." (*Id.*)

Carino first argued that the ALJ improperly discounted her symptom testimony based on her character. Specifically, that the ALJ discounted her testimony regarding her

physical impairments based on the belligerence she exhibited towards her oncologists. The Court is not clear why the ALJ focused on Carino's hostile attitude and outbursts with several of her doctors. (AR 30-31.) Regardless, he did not rely on that evidence to make any findings regarding her symptom testimony. (AR 30-32.)

Carino further argued that the ALJ did not cite clear and convincing reasons to reject her symptom testimony. In response, Defendant asserted that the ALJ discounted Carino's symptom testimony on several grounds: because she missed treatment appointments, she terminated mental health treatment upon stating that she was doing well, she failed to follow-through on referrals to other providers, medication was effective in controlling her pain and mental health symptoms, inconsistencies between Carino's symptom testimony and the status reports she provided to doctors, and inconsistencies between her symptom testimony and medical assessments. (Doc. 21 at 8-10.) Those grounds could serve as a basis to discount a claimant's symptom testimony under certain circumstances. However, here, the ALJ made no such findings or any other findings that he identified as a basis to discount Carino's symptom testimony. The ALJ offered only conclusory statements that Carino's symptom testimony as a whole was not entirely consistent with the record. Although the ALJ's summary of the medical evidence included notations regarding missed appointments and failure to pursue referrals, the ALJ did not link that evidence to any of Carino's symptom testimony. That is insufficient. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494-95 (9th Cir. 2015) (finding error because ALJ did not identify which symptom testimony was not credible and what evidence contradicted specific testimony).

The ALJ's failure to provide clear and convincing reasons for discounting Carino's symptom testimony was error requiring remand.

**Step Two**

Carino argues that the ALJ erred at Step Two when he determined that her mental impairments were not severe. Based on the ALJ's error with respect to Carino's symptom testimony, this matter will be remanded. Because the ALJ necessarily will conduct a new

hearing and re-evaluate Carino's case through each step of the SSI analysis on remand, the Court does not reach this claim.

## CONCLUSION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

Here, Carino seeks solely a remand for further consideration. The Court finds that is the proper remedy. Remand for an award of benefits is not warranted because it is not evident on the record currently before the Court that Carino is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (requiring that it be "clear from the record that the ALJ would be required to find the claimant disabled" before applying the credit as true rule and awarding benefits); *Burrell v. Colvin*, 775 F.3d 1133, 1135 (9th Cir. 2014) (remanding for further proceedings based on "serious doubt as to whether Claimant is, in fact, disabled").

Upon remand, the ALJ shall consider the entirety of Carino's symptom testimony and evaluate her identified symptoms in light of the entire record. Further, at Step Two and in formulating the RFC, the ALJ shall consider all record evidence of Carino's mental impairments.

Accordingly, **IT IS ORDERED** that this case is remanded to the ALJ for a new hearing and further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court should enter judgment and close this case.

Dated this 20th day of August, 2021.

Honorable Lynnette C. Kimmins
United States Magistrate Judge